UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GAVIN B. DAVIS #00197-510, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-23-CV-00296-XR |
| WAYMON BARRY, Warden, Karnes County Detention Facility, and THE GEO GROUP, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Gavin B. Davis's ("Davis") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court granted Davis's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 5, 7–8). Upon consideration, Davis's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### BACKGROUND

Davis is confined in the Karnes County Detention Facility ("KCDF"), which is operated by The GEO Group, Inc. ("GEO"). (ECF No. 1); *see* FacilityDetail (geogroup.com) (last visited May 4, 2023). While confined, Davis filed this § 1983 action against GEO and KCDF's warden, Waymon Barry ("the Warden"). Davis asserts violations of his rights under the First and Eighth Amendments. (ECF No. 1). Regarding the Eighth Amendment, Davis claims Defendants have been deliberately indifferent by: (1) denying him "any and all medical diagnosis and treatment"; and (2) failing to stock certain vitamins. (*Id.*). As to his First Amendment claim, Davis contends that despite his repeated requests he has been denied the requisite five hours per week of law

library access as outlined in the Detainee Handbook. (*Id.*). Davis seeks injunctive relief as to all of his claims.

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not

required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A.  Section 1983 Claims

Davis specifically states he is bringing this action pursuant to 42 U.S.C. § 1983. (ECF No. 1); *see* 42 U.S.C. § 1983. However, Davis may not bring a § 1983 against Defendants. Section 1983 provides that every person who acts under color of state law to deprive another of constitutional or other federal rights shall be liable to the injured party. 42 U.S.C. § 1983. In other words, "[s]ection 1983 provides a remedy if the deprivation of federal rights takes place "'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' more commonly known as the 'under color of state law' or 'state action' requirement." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)). In *Lugar,* the Supreme Court set forth a two–part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct

imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor[.]"

Private individuals generally are not considered to act under color of law, i.e., are not considered state actors. *Ballard*, 413 F.3d 518 (citing *Lugar*, 457 U.S. at 941). A private individual may act under color of law in extremely limited circumstances, such as when he engages in a conspiracy with state actors. *Id.* However, to prevail based on an alleged conspiracy claim against an otherwise private party, the plaintiff must allege an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). In sum, to hold a defendant liable under § 1983, a plaintiff must allege facts showing: (1) a constitutional or other federal right has been violated, and (2) the conduct complained of was committed by a person acting under color of state law, i.e., the defendant was a state actor or engaged in a conspiracy with a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ballard*, 413 F.3d at 518.

Davis has not shown that either Defendant is a state actor. (ECF No. 1). Nor has Davis alleged Defendants, individually or together, conspired with state actors to violate his constitutional rights. *Id.* Moreover, public records establish GEO is a publicly–traded company that oversees and operates *private* prison facilities, processing and detention centers, and residential and psychiatric treatment centers on behalf of the BOP as well as other governmental entities. *See* https://www.geogroup.com/history_timeline (last visited May 4, 2023). Individuals like the Warden who work at a GEO facility would necessarily be GEO employees, i.e., employees of a private entity. In fact, Davis admits GEO is a "private firm engaged in multiple lines of

business including but not limited to custodial detention of parties charged with federal crimes on behalf of the federal government." (*Id.*). He further admits the Warden has oversight of the GEO–operated facility and "[t]ogether with Defendant GEO, the two are, viewed joint and several." (*Id.*).

Therefore, because any claims based on § 1983 are not viable given that neither Defendant is a state actor, the Court finds Davis has failed to state a claim upon which relief may be granted, subjecting his claims to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. Claims Pursuant to Bivens

A *Bivens* claim is an implied cause of action referred to as the "federal analog to suits brought against state officials under" § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Assuming Davis's claims are based on *Bivens*, despite his contention to the contrary in his Complaint, the Court finds he has failed to state a claim upon which relief may be granted. (ECF No. 1).

As noted above, a *Bivens* action is akin to one brought pursuant to § 1983. In both actions, a plaintiff alleges a violation of constitutional rights; however, in a § 1983 action, claims are brought against a state actor, but in a *Bivens* action claims are brought against a federal actor. *Compare West*, 487 U.S. 48 (holding that to state claim under § 1983, plaintiff must allege constitutional deprivation was committed by person acting under color of state law), *with Carlson v. Green*, 446 U.S. 14, 18 (1980) (holding that in *Bivens* Supreme Court established that "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right"). Although brought against different actors, common to both is that as a general rule neither may be brought

against private individuals or entities. *See, e.g.*, *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (holding that *Bivens* action will not lie against employees of privately operated federal prison); *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (holding that *Bivens* action will not lie against private corporation operating halfway house under contract with BOP); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (holding that absent conspiracy or concerted action with State or its agents, section 1983 action will not lie against private citizen).

As stated above, GEO is a publicly–traded company operating *private* prison facilities including the facility at issue in this action. *See* https://www.geogroup.com/history_timeline. Thus, GEO is a private entity; Davis admitted in his Complaint GEO is a private corporation. (ECF No. 1). As a private corporation, GEO is not subject to a *Bivens* action. *See Malesko*, 534 U.S. at 63 (holding that *Bivens* action will not lie against private corporation operating halfway house under contract with BOP); *Manjarrez v. Bureau of Prisons*, No. PE:10-CV-00016-RAJ, 2011 WL 7323564, at *4 (W.D. Tex. June 28, 2011), *report and recommendation adopted*, 2011 WL 7323653 (W.D. Tex. Aug. 5, 2011) (holding that federal prisoner had no *Bivens* cause of action against GEO, a private entity acting under contract with federal government). Accordingly, any *Bivens* claim against GEO fails. Likewise, as a GEO employee i.e., employee of a private entity, the Court finds the Warden cannot be held liable under *Bivens*. *See Minneci*, 565 U.S. at 125; *see also Manjarrez*, 2011 WL 7323564, at *4 (holding that federal prisoner had no *Bivens* cause of action against warden employed by GEO).

Thus, to the extent Davis asserts claims against GEO pursuant to *Bivens*, he has failed to state a claim upon which relief may be granted, subjecting his claims to dismissal with prejudice. *See Malesko*, 534 U.S. at 63; *Manjarrez*, 2011 WL 7323564, at *4; *see also* 28 U.S.C.

§§ 1915(e)(2)(B)(ii), 1915A(b)(1). Likewise, as a GEO employee, the Warden cannot be held liable under *Bivens*, mandating that any such claims also be dismissed. *See Minneci*, 565 U.S. at 125; *Manjarrez*, 2011 WL 7323564, at *4; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### NO RIGHT TO AMEND

Generally, before dismissal of a complaint, a *pro se* litigant should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the Complaint and applicable law, that any attempt by Davis to amend would be fruitless—he has pleaded his best case against Defendants under the facts set out in the Complaint. (ECF No. 1). Accordingly, the Court need not provide Davis with an opportunity to amend prior to dismissal.

### CONCLUSION

Davis's § 1983 Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his claims as set out in the Complaint, allowing Davis an opportunity to amend would be futile because GEO is a private entity and the Warden is a GEO employee. As such, neither is amenable to the claims brought by Davis under either § 1983 or *Bivens*.

**IT IS THEREFORE ORDERED** that Davis's 42 U.S.C. § 1983 Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

It is so **ORDERED**.

SIGNED this 4th day of May, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE